UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FAREED HASAN BEY, ex rel.<br>KENNETH FAREED HASAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLOUGHBY MUNICIPAL COURT, et al.,<br><br>    Defendants. | CASE NO. 1:11 CV 966<br><br>JUDGE DAN AARON POLSTER<br><br><u>MEMORANDUM OF OPINION</u><br><u>AND ORDER</u> |

    On May 13, 2011, plaintiff Fareed Hasan Bey, aka Kenneth Fareeed Hasan,[1] filed this *in forma pauperis* action, on his own behalf, against the following defendants: Willoughby Municipal Court, Wickliffe Police Department, Judge Larry Allen, Magistrate Harry Field, Prosecutor Almis Stempuzis, Clerk of Court Lisa B. Mastrangelo, Patrolman J. Thompson, Patrolman B. Peeples, and Bailiff John Koval.

    Plaintiff asserts civil rights, Racketeer Influenced and Corrupt Organizations Act, and common law claims arising out of two traffic related proceedings in the Willoughby Municipal Court. In particular, he makes reference to November 3, 2008 and August 12, 2010, and alleges "Prosecutor declared it a state of emergency and used emergency procedures to hinder Plaintiff from his right to travel." Complaint, p.2. The foregoing dates correspond to the "violation dates" in traffic cases filed against Kenneth Hasan, 634 East 124th Street, Cleveland, Ohio, DOB June 6, 1951. See, www.willoughbycourt.com, Case Nos 08TRD09078 and 10TRD06430  Mr. Hasan was found guilty in both cases.

---

[1]     As outlined below, the court assumes that the two plaintiffs named in the caption are the same person.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).[2]

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* Even liberally construed, the complaint does not contain allegations reasonably suggesting

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

plaintiff might have a valid federal claim against any of the named defendants. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       */s/Dan Aaron Polster 8/8/11*
       DAN AARON POLSTER
       UNITED STATES DISTRICT JUDGE